## SIMPSON v. STATE. (5 Div. 508.)

(Court of Appeals of Alabama. May 13, 1924.)

**1. Intoxicating liquors ⬤⟿238(1)—Affirmative charge properly refused where evidence in conflict.**

Affirmative charge for defendant in a liquor prosecution was properly refused, the evidence being in conflict.

**2. Criminal law ⬤⟿829(1)—Refusal of charges covered by given charges in liquor prosecution held not erroneous.**

Refusal of requested charges in a liquor prosecution which were substantially covered by given charges was not erroneous.

Appeal from Circuit Court, Macon County; N. D. Denson, Judge.

Toode Simpson was convicted of violating the Prohibition Law, and appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. There was a general verdict by the jury finding the defendant guilty as charged in the indictment.

The indictment contained two counts, and charged that defendant did distill, make, or manufacture alcholic, spirituous, malted, or mixed liquors or beverages some part of which was alcohol, and, also, that he manufactured, sold, gave away, or had in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages contrary to law. From the judgment of conviction and sentence of 15 months' to 18 months' imprisonment in the penitentiary, defendant appeals.

No brief has been filed in this court in behalf of appellant, but we gather from reading the transcript that certain rulings of the court, to which exceptions were reserved, and also the refusal of several special charges, are relied upon to effect a reversal of the judgment of conviction appealed from.

There is no merit whatever in any of the exceptions reserved to the court's rulings upon the testimony. All of these rulings have been examined and are clearly without prejudicial error.

[1] The evidence as a whole was amply sufficient upon which to predicate the verdict of the jury, and to sustain the judgment of conviction. And the evidence being in conflict, a jury question was presented; therefore refused charges 1, 2, and 3, being the affirmative charge for defendant in different aspects, were properly refused.

[2] Refused charges 4, 5, and 6, were fairly and substantially covered by the given charge (unnumbered) requested by defendant, and also by the oral charge of the court.

The record proper appears regular in all respects, and no errors are apparent thereon. The court's rulings are also free from error. The judgment of conviction appealed from will therefore stand affirmed.

Affirmed.